UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KEENAN A. DAVIS,

Plaintiff,

v.  CAUSE NO. 1:25-CV-262-PPS-AZ

GARRETT J. SHANEBROOK, et al.,

Defendants.

OPINION AND ORDER

Keenan A. Davis, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, I must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Davis alleges he was unlawfully detained on April 5, 2025, by officers from the New Haven Police Department. He claims Officer Garrett J. Shanebrook observed him getting into his friend's car with two black males and two white males, so he made a U-turn to follow the vehicle. When the driver of the vehicle realized he was going the

wrong way, he turned around. Davis asserts "we used all our proper turn signals," but Officer Shanebrook "claimed we made a[n] improper lane change" and pulled the vehicle over. ECF 1 at 2. Davis believes this was "incorrect" because the dashcam footage "starts after we are being pulled over in the right lane and never left that lane." *Id.* Accordingly, Davis claims there was no probable cause to stop the vehicle. Davis claims Officer Seth Derrickson also participated in the traffic stop and "went with this unjust fabrication of documentation without footage of the illegal lane switch footage on the dash cam knowingly." *Id.* at 3. He has sued Officer Shanebrook, Officer Derrickson, and the New Haven Police Department for "maximum financial compensation" and the firing of the police officers involved. *Id.* at 4.

I have reviewed the state court docket related to this case.[1] Davis was charged with felony possession of methamphetamine on April 7, 2025, following the traffic stop described in his complaint. *See generally State of Ind. v. Davis*, cause no. 02D04-2504-F6-000532 (Allen Sup. Ct. 4 Apr. 7, 2025), available online at: https://public.courts.in.gov/mycase (last visited May 28, 2025). The probable cause affidavit written by Officer Shanebrook describes the initial traffic stop:

> On 04/05/2025 at approximately 2359 I was patrolling the area of Lincoln Hwy and Hartzell Rd in a fully marked police vehicle and in a fully marked police uniform. While traveling West bound through the intersection, I observed a green in color Buick Regal to be traveling in

---

[1] I'm permitted to take judicial notice of public documents in screening a complaint. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts."); *Mosley v. Ind. Dep't of Corr.*, No. 22-2722, 2024 WL 1651902, at *2 (7th Cir. Apr. 17, 2024) ("Proceedings in state court are proper subjects of judicial notice.").

> front of me. Moments later, I observed the vehicle begin to merge onto SR930 to continue traveling West. When the vehicle made this vehicular move, I noticed they did not use a turn signal to notify their change of lane. During this time, I was in communication with Cpl Derickson who was also observing the vehicle. Cpl Derickson also confirmed that the vehicle did not use a turn signal during this time. Due to this, I notified dispatch I would have a traffic stop on the vehicle on SR930 just East of Maplecrest. I [t]hen provided dispatch with the license plate of the vehicle (DBJ316). Moments later I activated my emergency lights to initiate a traffic stop. Immediately the vehicle pulled over to the right shoulder and stopped. . ..

*Id*.; *see also* Ex. 1 (Probable Cause Affidavit & Order).[2] After questioning the driver, Officer Shanebrook began speaking with Davis:

> Moments later l began speaking with the male who was seated just behind [the driver]. Due to the individual not wearing their seatbelt, I requested his ID. The male then began digging in his pockets and all around the backseat of the vehicle. Due to the unknown if weapons were inside the vehicle instructed the male to exit the vehicle so he could properly check his person for his ID. Once the male exited the vehicle, I asked if he gave me permission to search his person, in which he stated 'yes'. . .. As he struggled to locate [his ID], I requested his name and date of birth, in which he stated 'Keenan Davis, date of birth 12-10-1976'. I then provided this information to dispatch.

*Id*. Dispatch advised Officer Shanebrook that Davis was "wanted by the US Marshalls on a fully extraditable warrant." *Id*. Davis was arrested and searched more thoroughly upon his arrival at the Allen County Jail, where substances later determined to be methamphetamine were discovered in both of his socks. *Id*. The criminal case remains pending.

---

[2] Because the probable cause affidavit is available online to Indiana attorneys but not readily available online to the public—in the spirit of N.D. Ind. L.R. 7-1(f)—the clerk will be directed to attach a copy of that filing to this order as Exhibit 1.

Unreasonable searches and seizures are prohibited by the Fourth Amendment. *Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021). However, not all warrantless seizures or searches are considered unreasonable. "[T]he existence of probable cause renders traffic stops and resulting warrantless arrests permissible." *Williams v. Brooks*, 809 F.3d 936, 942 (7th Cir. 2016); *see also Jones v. City of Elkhart,* 737 F.3d 1107, 1114 (7th Cir. 2013) (probable cause is an absolute defense to false arrest claims in § 1983 actions). "When a police officer reasonably believes that a driver has committed a minor traffic offense, probable cause supports the stop." *Williams*, 809 F.3d at 942 (quoting *Jones*, 737 F.3d at 1114); *see also United States v. Hernandez–Rivas,* 513 F.3d 753, 759 (7th Cir. 2008) ("improper lane usage is a legitimate reason for an investigatory stop"). "Police can stop an automobile when they have probable cause to believe that the driver violated even a minor traffic law." *United States v. McDonald*, 453 F.3d 958, 960 (7th Cir. 2006). Additionally, pursuant to *Terry v. Ohio,* 392 U.S. 1, 30 (1968), "police may conduct a brief, investigatory traffic stop if they have reasonable suspicion based on articulable facts that a crime is about to be or has been committed." *McDonald*, 453 F.3d at 960 (citations omitted).

As an initial matter, Davis is suing the New Haven Police Department. The police department is not a person or a policy-making unit of government that can be sued for constitutional violations pursuant to 42 U.S.C. § 1983. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't,* 636 F.3d 293, 300 (7th Cir. 2011). Therefore, Davis cannot proceed against the New Haven Police Department.

With regard to Officer Shanebrook and Officer Derrickson, Davis claims the traffic stop was unlawful, but the only non-conclusory fact he points to in support of this assertion is that the dashcam footage didn't start until the vehicle was actually in the process of being pulled over.[3] Even if true, it's not objectively unreasonable for an officer to activate the dashcam *after* an alleged minor traffic violation occurs. In fact, that is exactly what Officer Shanebrook attests he did in the probable cause affidavit.[4] Although Davis insists the dashcam footage was "fabricated," he provides no facts to support that assertion—video evidence that doesn't start until after a violation occurs doesn't plausibly support an inference of fabrication and/or tampering without additional details. Based on what Davis does allege—in conjunction with the probable cause affidavit—I can't find the traffic stop was unconstitutional. *See, e.g., McDonald*, 453 F.3d at 960 (minor traffic violations can form the basis for a traffic stop, which can be "reasonable even if the defendant did not actually commit an offense as long as the officer reasonably believed an offense occurred") (citing *United States v. Cashman,* 216 F.3d 582, 587 (7th Cir. 2000)); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original)). Thus, Davis's allegations are insufficient to state a plausible claim.

---

[3] He also states that he was "profiled" because the vehicle included two black men and two white men, but this fact doesn't plausibly suggest any sort of profiling occurred.

[4] "Moments later I activated my emergency lights to initiate a traffic stop." *See* Ex. 1 at 1.

5

This complaint does not state a claim for which relief can be granted. If Davis believes he can state a claim based on (<u>and consistent with</u>) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.[5]

Accordingly:

(1) The clerk is DIRECTED to attach a copy of the Probable Cause Affidavit & Order as Exhibit 1;

(2) Keenan A. Davis is GRANTED until **July 3, 2025**, to file an amended complaint as described above; and

---

[5] That said, although Davis will be allowed to file an amended complaint, I note that, if he manages to state a plausible Fourth Amendment claim in connection with the traffic stop, search, and arrest, the case will likely have to be stayed. Under the *Younger* doctrine, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). This is because "underlying principles of comity, equity, and federalism" are at play in such situations. *J.B. v. Woodard*, 997 F.3d 714, 724 (7th Cir. 2021). Potential claims that can trigger *Younger* include those arising from illegal searches, seizures, detentions, and prosecutions. *See Gakuba*, 711 F.3d at 753. "Generally—at least in the context of the *Younger* abstention doctrine—staying the case, rather than an all-out dismissal of a claim, is the proper disposition where a plaintiff seeks compensatory damages." *Woodard*, 997 F.3d at 724; *see also Barfell v. Stenz*, cause no. 25CV162, 2025 WL 1169081, *3 (E.D. Wis. Apr. 22, 2025) ("[Plaintiff's] claims relating to the stop, search, and arrest all involve and call into question the ongoing state proceedings. Therefore, this court must stay this action until the criminal proceedings in state court conclude . . ..").

(3) Keenan A. Davis is CAUTIONED that if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED:  May 30, 2025.  /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT